UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MICHAEL LEWIS, 05-A-4502,**

        Plaintiff,       08-CV-0913(Sr)

v.

**ANTHONY D. TURCO, et al.,**

        **Defendants.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's motion for appointment of counsel. Dkt. #37.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was subjected to excessive force and denied adequate medical care while incarcerated at the Southport Correctional Facility. Dkt. #17-2. In support of his motion for appointment of counsel, plaintiff asserts that the issues involved are complex; that he has limited access to the law library and to materials needed to prosecute his claim; that he lacks familiarity with the legal process; that he has limited intellectual capacity and suffers from post-traumatic stress disorder and depression, which is being treated with psychiatric medication. Dkt. #37. However,

the facts in this matter are not complex and plaintiff has demonstrated, through both the filing of his complaint and amended complaint and his participation in a pretrial conference with the Court, that he is capable of articulating his claim. As a result, plaintiff has not established, at this early stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
            February 18, 2010

                                                             s/ H. Kenneth Schroeder, Jr.
                                                            **H. KENNETH SCHROEDER, JR.**
                                                            **United States Magistrate Judge**