**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL LEWIS, 05-A-4502,**

                             **Plaintiff,**                      08-CV-0913(Sr)

**v.**

**ANTHONY D. TURCO, et al.,**

                             **Defendants.**

---

**DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #25.

Plaintiff, who is proceeding *pro se*, commenced this action on or about December 15, 2008. Dkt. #1. Thereafter, plaintiff filed an Amended Complaint (Dkt. #4) and a "Supplemental Complaint" (Dkt. #8) on December 24, 2008. A second "Supplemental Complaint" was filed on February 26, 2009 (Dkt. #13) and finally, a Second Amended Complaint (Dkt. #43) was filed on February 17, 2010. The Second Amended Complaint alleges that while incarcerated at the Southport Correctional Facility, plaintiff was subjected to excessive force and denied adequate medical care. Dkt. #43. Presently pending before this Court is plaintiff's motion entitled "Motion for Joinder of State Law Malpractice to Federal Lawsuit Claim: to Include Medical

Negligence." Dkt. #58. Defendants have filed opposition to the instant motion. Dkt. #64. For the following reasons, the instant motion is denied.

By his motion, plaintiff is requesting permission from this Court to join his state law malpractice claim with those claims in the instant action. Dkt. #58, p.1. In support of this request, plaintiff states that a "Notice of Intention" was filed with the Court of Claims by Certified Mail on June 3, 2008. *Id*. In further support of this request, plaintiff relies on the basic principle of law that pleadings drafted by a *pro se* litigant should be liberally construed and on that basis alone, plaintiff's state law malpractice claim should be joined with the instant action. Notably, plaintiff does not indicate the nature of his state law malpractice claim or against whom the state law malpractice claim is pending. Based upon the nature of the claim pending before this Court and the limited information set forth in plaintiff's motion, this Court infers that plaintiff seeks to join a medical malpractice (negligence) claim to the claims herein. Although the instant motion is devoid of any facts concerning the claim plaintiff seeks to join, this Court lacks subject matter jurisdiction over a state law malpractice or negligence claim.

Pursuant to section 24 of New York's Correction Law, exclusive jurisdiction over "any claim for damages arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of the duties of any officer or employee of [DOCS] . . . " lies with the New York Court of Claims. N.Y. Correct. Law § 24. Indeed, Correction Law section 24(1) provides in pertinent part:

> No civil action shall be brought in any court of the State, except by the Attorney General on behalf of the State, against any officer or employee of the department, in its personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of the employment and then the discharge of the duties by such officer or employee.

In *Baker v. Coughlin*, the Second Circuit held that the immunity from suit in State court that New York's Correction Law section 24 provides to DOCS employees also extends to suits against DOCS employees in Federal court.  77 F.3d 12, 14 (2d Cir. 1996).

The United States Supreme Court recently considered the question of whether New York's Correction Law section 24 as applied to section 1983 claims violates the Supremacy Clause of the United States Constitution.  *Haywood v. Brown*, __ U.S. __, 129 S.Ct. 2108 (2009).  In reaching the conclusion that it does violate the Supremacy Clause, the Supreme Court held, "having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy."  *Haywood*, 129 S.Ct. at 2117.  In other words, in *Haywood*, the Supreme Court held that Correction Law section 24 was unconstitutional only insofar as it barred federal section 1983 claims in state court.  Conversely, at issue here is the prohibition in Correction Law section 24 barring state law claims against DOCS employees in federal court which the Supreme Court did not address in *Haywood*.  Therefore, as addressed above, not only has plaintiff failed to supply this Court with any information concerning the malpractice claim he seeks to join, but even if he had, this Court is without subject matter jurisdiction over such a claim against a DOCS

employee.  Moreover, the United States Supreme Court has further held that "medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Whether plaintiff can succeed on his claim for denial of adequate medical care is not a matter presently before this Court.

For the foregoing reasons, plaintiff's motion entitled "Motion for Joinder of State Law Malpractice to Federal Lawsuit Claim: to Include Medical Negligence" is denied.  Dkt. #58.

**SO ORDERED.**

DATED:    Buffalo, New York
          March 21, 2011

          *s/ H. Kenneth Schroeder, Jr.*
          **H. KENNETH SCHROEDER, JR.**
          **United States Magistrate Judge**

.