UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MICHAEL LEWIS, 05-A-4502,**

                                **Plaintiff,**                      08-CV-0913(Sr)

**v.**

**ANTHONY D. TURCO, et al.,**

                                **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #25.

Plaintiff, who is proceeding *pro se*, commenced this action on or about December 15, 2008. Dkt. #1. Thereafter, plaintiff filed an Amended Complaint (Dkt. #4) and a "Supplemental Complaint" (Dkt. #8) on December 24, 2008. A second "Supplemental Complaint" was filed on February 26, 2009 (Dkt. #13) and finally, a Second Amended Complaint (Dkt. #43) was filed on February 17, 2010. The Second Amended Complaint alleges that while incarcerated at the Southport Correctional Facility, plaintiff was subjected to excessive force on March 21, 2008 and denied adequate medical care following the alleged March 21, 2008 incident. Dkt. #43. Presently pending before this Court are plaintiff's fifth and sixth motions seeking the

appointment of counsel. Dkt. ##119 and 129.  For the following reasons, the instant motions are denied.

This Court has, on three prior occasions, declined to appoint counsel to represent plaintiff.  Dkt. ## 12, 42 and 49.  Plaintiff's fourth motion seeking the appointment of counsel (Dkt. #104) was, at the request of plaintiff (Dkt. #123), found moot (Dkt. #124).

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants.  See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was subjected to excessive force and denied adequate medical care after the alleged excessive use of force incident while incarcerated at the Southport Correctional Facility. Dkt. #48. In support of his fifth motion for appointment of counsel, plaintiff asserts that:

> [p]etitioner has exhausted attempts to secure counsel on 8 different occasions in this action; Petitioner has shown sufficient standing in his pleadings to have counsel appointed; Petitioner is a layperson to the judicial system, thus, cannot litigate said pleadings before the court in a Pro-Se capacity, and Petitioner has a limited education only up to the 10th grade, and his reading and writing skills are limited, as is legal assistance in the prison law library.

Dkt. #119, p.2. In his sixth motion seeking the appointment of counsel, plaintiff relies exclusively on what he describes as his physical and mental disabilities to demonstrate

his need for court-appointed counsel.  Dkt. #129.  More specifically, plaintiff states that he is hearing impaired and requires hearing aides in both ears and further, plaintiff asserts that his "physical and mental illness disorders effect [sic] the plaintiff's thought and mood which (significantly) impairs judgement [sic], behavior, capacity to recognize reality, or ability to cope with the ordinary demand's [sic] of life."  *Id*. at p.2.  Finally, plaintiff argues that if this Court denies his sixth motion seeking the appointment of counsel, such a denial will be discrimination on the basis of plaintiff's disability.  *Id*.

In considering the factors enumerated above as this Court must on a motion seeking the appointment of counsel, the facts in this matter are not complex and notwithstanding plaintiff's "physical and mental" illnesses, he has demonstrated, through both the filing of his complaint and amended complaint, his participation in a pretrial conference with the Court, and participation in the discovery process through the serving of discovery demands on defendants and the filing of numerous motions, that he is capable of articulating his claim.  As a result, plaintiff has not established, at this stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.

Plaintiff's motions for appointment of counsel (Dkt. ##119 and 129) are denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 1, 2011

                                              *s/ H. Kenneth Schroeder, Jr.*
                                              **H. KENNETH SCHROEDER, JR.**
                                              **United States Magistrate Judge**