UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**MICHAEL LEWIS, 05-A-4502,**

                          **Plaintiff,**                      08-CV-0913(Sr)

v.

**ANTHONY D. TURCO, et al.,**

                          **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #25.

Plaintiff, who is proceeding *pro se*, commenced this action on or about December 15, 2008. Dkt. #1. Thereafter, plaintiff filed an Amended Complaint as of right (Dkt. #4) on December 24, 2008 and a "Supplemental Complaint" (Dkt. #13) was later filed on February 26, 2009. The Supplemental Complaint was filed after United States District Judge Michael A. Telesca concluded that "the new complaint [09-CV-94] should have been filed as a supplemental complaint in this case [08-CV-913]. Accordingly, the Clerk of Court is directed to file the documents filed in 09-CV-94Sr as a supplemental complaint in this case, and close 09-CV-94 as filed in error." Dkt. #12, p.2. Finally, a Second Amended Complaint was filed on February 17, 2010. Dkt. #43. The Second Amended Complaint alleges that while incarcerated at the Southport

Correctional Facility, plaintiff was subjected to excessive force and denied adequate medical care.  Dkt. #43.  Presently pending before this Court are two motions to compel the production of documents.  Dkt. ##116 and 128.

During the pendency of this case, plaintiff has sought the disclosure of documents and information from the defendants through the use of document demands, interrogatories and requests for admissions.  Presently pending before this Court are two motions seeking an Order compelling defendants to disclose certain documents.  Dkt. ##116 and 128.  In his first motion (Dkt. #116), plaintiff requests the following:

> A. a copy of all complaint's [sic] against all defendants in this action filed by prisoners of [sic] at Southport C.F. as well as plaintiff's complaint's [sic], grievances;
> B. copy of all photo's [sic] of plaintiff in defendant's [sic] possession to include outside medical trips photo [sic]. All photo's [sic] of plaintiff I.D. cards of identification purpose photo's [sic] of said areas of hospital cell (4) where incident took place on 3-21-08.  All log book entry's [sic] of the plaintiff of 3-20-08 to 3-21-08; and
> C. copy of all federal court, civil suit's [sic] claims where the defendant [sic] were parties to suit.

Dkt. #116, pp.1-2.  In their response to plaintiff's discovery requests, defendants disclosed copies of each of plaintiff's twenty-one grievances filed during the period beginning January 29, 2007 through February 26, 2010 while he was housed at the Southport Correctional Facility.  Dkt. #86, pp.37-140.  With respect to that portion of plaintiff's request seeking the disclosure of all complaints against all defendants by

prisoners at Southport, the defendants objected to this request on the basis that the request was overly broad and unduly burdensome and further that the information sought was neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Dkt. #86. Moreover, it is this Court's understanding that by reason of how inmate grievances and complaints are filed, a search of each grievance filed by an inmate at any facility in an effort to locate any grievances or complaints that may relate to the named defendants herein would be overly burdensome and not likely to lead to the discovery of admissible evidence. Accordingly, for the foregoing reasons, that portion of the plaintiff's motion seeking an Order compelling the disclosure of any and all complaints or grievances filed against any of the named defendants is denied.

With respect to plaintiff's request for all photographs of plaintiff in defendants' possession, that request is granted. The photographs of the plaintiff taken after the alleged incident on March 21, 2008 have been disclosed to plaintiff on several occasions. Dkt. #46, pp.3-5 and Dkt. 86, pp.33-36. To the extent that defendants maintain additional photographs of plaintiff, defendants are hereby directed to disclose those photographs to plaintiff. With respect to plaintiff's request for log book entries for the period March 20, 2008 through March 21, 2008, the Court notes that defendants disclosed log book entries as part of its Rule 26 discovery. Dkt. #46, p.16. Accordingly, based on the fact that defendants have previously provided the log book entries to plaintiff, plaintiff's request is denied as moot.

Finally, the plaintiff seeks copies of all federal cases where the defendants herein were named as a defendant.  As a threshold matter, although the Court granted plaintiff permission to proceed *in forma pauperis* pursuant to Title 28, United States Code, Section 1915(a) (Dkt. #12), such status as a poor person, does not entitle plaintiff to free copies of documents located within the Court's files.  To the extent plaintiff wants copies of certain documents, plaintiff will be responsible for the cost of printing or copying the requested documents.  Accordingly, based on the foregoing, plaintiff's request is denied.

In addition to the foregoing motion seeking an Order compelling the production of documents, plaintiff filed a second motion seeking an Order directing defendants to disclose additional documents.  Dkt. #128.  More specifically, plaintiff's second motion to compel seeks an Order directing defendants to disclose copies of the following Directives of New York State Department of Correctional Services:

>Dir. 4931 Unhygenic [sic] Act
>Dir. 4944 Use of Physical Force
>Dir. 4004 Unusual Incident
>Dir. 4008 Watch Commander Log
>Dir. 4300 Health Service Policy Manual which includes
>attached directives 4066, 4320
>Dir. 1943 Handheld Videotaping for Security Purpose [sic]
>Dir. 4091 Log Books
>Dir. 2112 Report of Criminal Employee Criminal Charge
>Dir. 2111 Report of Employee Misconduct
>Dit. 4900 Secure Post
>Dir. 2110 Suspension, Disciplinary
>Dir. 2123 Tag Out/Lock Out
>Dir. 2810 Health Services Policy Manual
>Dir. 4931 Aggravated Harassment Evidence Kit
>special section

>Dir. 0700 Inspector General's Office Investigates Complaints etc on behalf of the Comm

Dkt. #128, p.2.  As set forth in their responses to plaintiff's discovery demands, defendants have previously disclosed to plaintiff a copy of Directive 4944.  Dkt. #86, pp.141-149.  However, this Court has been unable to find where in the multitude of discovery requests filed by plaintiff, plaintiff previously requested the disclosure of copies of each of the other Directives listed above.  Notably absent from the instant motion is any suggestion that the defendants have failed to make the requested disclosures, most likely because this is the first time plaintiff has made such requests.  Therefore, with the exception of Directive 4944, a copy of which has previously been disclosed to plaintiff, the Court directs that the remaining requests by plaintiff, set forth for the first time in the instant motion, be treated as new discovery requests and the Court further directs defendants to file a response to the above-listed requests no later than August 5, 2011.

**SO ORDERED.**

DATED:	Buffalo, New York
	July 8, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
