**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL LEWIS, 05-A-4502,**

                                        **Plaintiff,**                         **08-CV-0913(Sr)**

**v.**

**ANTHONY D. TURCO, et al.,**

                                        **Defendants.**

---

### DECISION AND ORDER

            Pursuant to 28 U.S.C. § 636(c), the parties have consented to the

assignment of this case to the undersigned to conduct all proceedings in this case,

including the entry of final judgment.  Dkt. #25.


            Plaintiff, who is proceeding *pro se*, commenced this action on or about

December 15, 2008.  Dkt. #1.  Thereafter, plaintiff filed an Amended Complaint as of

right (Dkt. #4) on December 24, 2008 and a "Supplemental Complaint" (Dkt. #13) was

later filed on February 26, 2009.  The Supplemental Complaint was filed after United

States District Judge Michael A. Telesca concluded that the new complaint filed in 09-

CV-94 should have been filed as a supplemental complaint in 08-CV-913 and directed

that the documents filed in 09-CV-94 be filed as a supplemental complaint in 08-CV-

913.  Dkt. #12, p.2.  Finally, a Second Amended Complaint was filed on February 17,

2010.  Dkt. #43.  The Second Amended Complaint alleges that while incarcerated at

the Southport Correctional Facility, plaintiff was subjected to excessive force and

denied adequate medical care. Dkt. #43. This Court has, on five prior occasions, declined to appoint counsel to represent plaintiff. Dkt. ## 12, 42, 49 and 131. Presently pending before this Court is another motion seeking the appointment of counsel. Dkt. #130. For the following reasons, the instant motion is denied.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1.  Whether the indigent's claims seem likely to be of substance;

2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

3.  Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.  Whether the legal issues involved are complex; and

5.  Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has once again reviewed the facts presented herein in light of the factors required by law.  Plaintiff alleges that he was subjected to excessive force and denied adequate medical care after the alleged excessive use of force incident while incarcerated at the Southport Correctional Facility.  Dkt. #43.  Although at times incomprehensible, plaintiff's most recent motion seeking the appointment of counsel is styled as a motion seeking relief pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973.  Dkt. #130.  In other words, plaintiff is claiming that by reason of his physical and mental disabilities, he is a qualified individual with a disability and this Court's continued denial of his motions for appointment of counsel is discrimination.  *Id*.  More specifically, in support of his seventh motion for appointment of counsel, plaintiff asserts that:

> [a]s the plaintiff has shown not once but twice thru [sic] his
> motion for appointment of counsel, thru [sic] both medical
> document's [sic] ect [sic] as so [sic] [qualified individual both
> thru [sic] his physical-mental disability/(disabilities) set forth

> described as hearing impairment/mental illness disorder's [sic], mental state as to (exact) diagnosises [sic]] As well among other reason's [sic] to appoint counsel A. case has shown merit specifically material issues of fact exist as to excessive force used against the plaintiff B. Plaintiff has diligently seeked [sic] legal counsel, C. Plaintiff [sic] case has survived (dismissel [sic]) as well as stages of a dispositive motion D. Plainitff [sic] case warrant's [sic] a trial which the plaintiff requested: this court should note that the plaintiff's mental/physical health has diminished 'severly [sic] since first' second, third previous motions for appointment of counsel which impears [sic] his thinking rationale ect [sic] abilities to defend his cause of action to show at trial merit's of case has impaired his ability to [cross-exam] defendant etc. [sic] the plaintiff's [mainly] his mental illness of P.T.S.D./Major Depression (all) documented medical diagnosis provided to this Court.

Dkt. #130, pp.1-2.  Finally, plaintiff argues that if this Court denies the instant motion seeking the appointment of counsel, such a denial will be discrimination on the basis of plaintiff's disability.  Dkt. #130.


In considering the factors enumerated above as this Court must on a motion seeking the appointment of counsel, the facts in this matter are not complex and notwithstanding plaintiff's "physical and mental" illnesses, he has demonstrated, through both the filing of his complaint and amended complaint, his participation in a pretrial conference with the Court, and participation in the discovery process through the serving of discovery demands on defendants and the filing of numerous motions, that he is capable of articulating his claim.  As a result, plaintiff has not established, at this stage of the proceedings, that he is unable to represent himself in this matter and that appointment of counsel is warranted under the factors set forth above.

Plaintiff's motion for appointment of counsel (Dkt. #130) is denied without prejudice at this time.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**SO ORDERED.**

DATED:      Buffalo, New York
            July 11, 2011

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**