**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**MICHAEL LEWIS, 05-A-4502,**

                      **Plaintiff,**                    **08-CV-0913(Sr)**

**v.**

**ANTHONY D. TURCO, et al.,**

                        **Defendants.**

---

### DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #25.

Plaintiff, who is proceeding *pro se*, commenced this action on or about December 15, 2008. Dkt. #1. Thereafter, plaintiff filed an Amended Complaint as of right (Dkt. #4) on December 24, 2008 and a "Supplemental Complaint" (Dkt. #13) was later filed on February 26, 2009. The Supplemental Complaint was filed after United States District Judge Michael A. Telesca concluded that the new complaint filed in 09-CV-94 should have been filed as a supplemental complaint in 08-CV-913 and directed that the documents filed in 09-CV-94 be filed as a supplemental complaint in 08-CV-913. Dkt. #12, p.2. Finally, a Second Amended Complaint was filed on February 17, 2010. Dkt. #43. The Second Amended Complaint alleges that while incarcerated at the Southport Correctional Facility, plaintiff was subjected to excessive force and

denied adequate medical care. Dkt. #43. After conducting an extensive review of the Court's file maintained in this matter, it has recently come to the Court's attention that plaintiff attempted to file an application for a temporary restraining order and a motion for a preliminary injunction at the same time plaintiff commenced this action in or about December 2008. For some inexplicable reason, although plaintiff's affidavit was filed (Dkt. #3), the application/motion was never formally docketed and therefore never considered by this Court. Accordingly, this Court has previously directed the Clerk of Court to formally docket the document titled "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order" so that it may be properly considered by the Court, albeit over two and one-half years after it was submitted.

As set forth in his "Order to Show Cause" and Affidavit, plaintiff seeks an Order restraining defendants from making death threats and from "harassment and provoking harm or bogus mis-behavior reports, I request an immediate transfer [sic] SHU facility." Dkt. #139, p.1. More specifically, in his Affidavit plaintiff states:

> (1) On 3/23/08 I sent copies to the Superintendent Mr. David Napoli, concerning me being harassed by Correctional Officers whom [sic] was [sic] involved in 3/21/08 Use of Force on me.
>
> (2) I advised him about the current issue at hand, and had requested an immediate injunction transfer threats of me being in danger of my life, was made.
>
> (3) I also made other attempts to get transferred to another SHU Facility of my choice. None of my request [sic] were answer [sic], therefore this is why [sic]
>
> (4) I'm praying for the Court, Judge to honor this Motion/Injunction now, to be transferred <u>ASAP.</u>

>(5) I also sent notized [sic] letters requesting that the Commissioner of (DOCS) look into this matter and to then take corrective action, and also I wrote Deputy Counsel to the Governor of New York, <u>Albany</u>.
>
>(6) None of my letters were answered, the secretary of the Governor wrote to me and said I would have to settle this matter with (DOCS Commissioner Mr. Brian Fischer [sic]. I again did so, as of today 6/24/08 no one has responded to all [sic] of my letters.
>
>(7) Therefore, please order that I be transferred ASAP. This would stop the harassment, death threats, mail tampering, and my food being tampered with, (or) simply deprived of my food.

Dkt. #3.

In or about April 2011, the Clerk of Court was notified that plaintiff's address had changed to the Clinton Correctional Facility signaling that plaintiff had been transferred from the Southport Correctional Facility to the Clinton Correctional Facility. Based on the information presently before the Court, plaintiff is still housed at the Clinton Correctional Facility. Generally speaking, an inmate's transfer from a facility moots claims for declaratory and injunctive relief against officials of that facility. *See Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006); *Prins v. Coughlin*, 76 F.3d 504 (2d Cir. 1996).

Accordingly, for the foregoing reasons, plaintiff's request for injunctive relief in the form of a temporary restraining order and a preliminary injunction is denied as moot.

**SO ORDERED.**

DATED:    Buffalo, New York
          July 11, 2011

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**