UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL A. LEWIS,

                       Plaintiff,

v.                                  **ORDER OF REFERRAL TO
ADR and APPOINTMENT OF
*PRO BONO* COUNSEL**

                                               08-CV-0913 HKS

ANTHONY D. TURCO, et al,

                       Defendants.

      After due consideration, the Court finds that this case is appropriate for referral to alternative dispute resolution as provided in Section 2.1.B of the Plan for Alternative Dispute Resolution in the United States District Court for the Western District of New York (the ADR Plan).  A copy of the ADR Plan and related forms and documents can be found at http://www.nywd.uscourts.gov or obtained from the Clerk's Office.

      IT HEREBY IS ORDERED, that this case is referred to mediation.

      FURTHER, that **ADR Program Administrator Barry L. Radlin** will serve as Mediator for this case.

      FURTHER, that the contact information to be used for the Mediator is:

**United States Courthouse, 2 Niagara Square, Buffalo, NY 14202;**

Janet_Curry@nywd.uscourts.gov at (716) 551-1831.

FURTHER, that **Marylou Roshia, Esq**. Is assigned, *pro bono,* to faithfully and diligently represent the plaintiff, for mediation only, in this case,

FURTHER, that the Clerk of the Court shall mail to plaintiff and to plaintiff's counsel, together with a copy of this Order, a copy of the ADR Plan.

FURTHER, that the Clerk of the Court shall forward to plaintiff's counsel a copy of the Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by Court Appointed Counsel, which document and related forms are available at http://www.nywd.uscourts.gov/document/fundreimbvoweb.pdf.  The Court shall further issue an Order directing that PACER fees be waived to provide *pro bono* counsel the ability to access and print documents in this case at no cost.

FURTHER, that in the event any portion of plaintiff's case file is not available through PACER, the Clerk of the Court is directed to make those documents available for counsel's review in the Clerk's Office and to copy any such portion of the file, as requested.  Counsel shall contact the Clerk's Office in advance to make arrangements for such file review.

FURTHER, that the initial mediation session shall be held no later than **January 31, 2012 at the United States Courthouse in Buffalo, New York.**  If the plaintiff is currently incarcerated, his/her participation will be by telephone or by video conference, depending upon the arrangements able to be made with the correctional facility. Counsel for the defendants is directed to cooperate with plaintiff's counsel in notifying the correctional facility of the date and time of the mediation session to ensure that the

plaintiff is provided with communications access and his legal papers relative to this action.

FURTHER, that the date, time and specific location within the United States Courthouse for the initial mediation session shall be fixed by way of communications with Mediator Barry L. Radlin.

FURTHER, that not less than ten calendar days before the initial mediation session, the parties are to exchange, in writing, specific settlement demands and offers, with copies provided to the Mediator and, if necessary, using the Mediator for the exchange of said demands and offers.

FURTHER, that not less than ten calendar days before the initial mediation session, each party shall provide the Mediator with a memorandum in accordance with Section 5.6 of the ADR Plan, by regular mail or by email to **Janet_Curry@nywd.uscourts.gov**.  Said memorandum shall not be exchanged nor be filed or docketed with the Court.

FURTHER, that the Mediator shall encourage and assist the parties in reaching a resolution to their dispute, but may not compel or coerce the parties to settle.

FURTHER, that pursuant to Section 5.10 of the ADR Plan, information disclosed during the mediation session shall remain confidential, and shall not be made known to any other party or this Court, without consent of the disclosing party.  The Mediator shall not be called as a witness, nor may the Mediator's records be subpoenaed or used as evidence.

FURTHER, that within ten days of the close of each mediation session, the Mediator shall file a form "Mediation Certification" provided by the Court reciting whether the case has settled and, if not, whether mediation will continue.

FURTHER, that this referral shall terminate on **March 31, 2012.**

SO ORDERED.

DATED:   Buffalo, New York
December 9, 2011

 s/ H. Kenneth Schroeder, Jr.
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge
